CHAUNCY M. GUY *vs.* BOSTON & MAINE RAILROAD.

York County. Decided December 14, 1917. An action on the case to recover for injuries sustained by the plaintiff on the 17th day of August, 1914. The plaintiff was forty-nine years of age, and the foreman of the sole leather department of the E. W. Warren Shoe Company, located at Somersworth, New Hampshire, and at the time of the injury, and for some time prior, had received $2,000 per year as salary. On the 17th day of August, 1914, in the

forenoon, the defendant had placed on a side track of its railroad and adjacent to the E. W. Warren Shoe Company factory, a box car, containing sole leather and stock consigned to the E. W. Warren Shoe Company. The track upon which said car was left was used exclusively for said shoe factory to load and unload freight carried by the defendant railroad. The car had been placed by the defendant at a point opposite the gateway leading into said shoe factory, for the purpose of unloading the contents of the car for the factory. The car was connected with a platform at the gateway by a movable gang-plank which formed a bridge, one end of which rested in the car doorway and the other upon said platform, so that trucks could be wheeled in and out of the car to unload its contents. The plaintiff, under his employment, was engaged in weighing and checking up the sole leather in the car preparatory to unloading, and at the time of the injury was alone in the car, his helpers having wheeled out, over the gang-plank through the gateway to the factory, some loads of leather. The plaintiff was seated upon a box, about 18 inches high, about midway of the car, adding up figures which he had taken in checking up and weighing the leather. The defendant's train men were engaged in shifting cars in the vicinity of the car in which the plaintiff was working at the time of the injury, and they backed down on the side track, against the car in which the plaintiff was then at work, a train made up of five freight cars and a locomotive engine. It is the claim of the defendant that the rail was bad and slippery, and that the engineer could not, by the exercise of due care, control his engine and stop the train because of the slippery condition of the rail. At the time of the accident, the train had been in operation in that vicinity from two to three hours, and the rail was the same all of the time. The freight train backed into the car in which the plaintiff was checking up the material, with such force that he was thrown from the box against the leather on the floor and received the injuries complained of.

The plaintiff was lawfully in the car, in the exercise of due care, and the defendant owed him the duty to warn him of any movement of the cars in that neighborhood that would render it unsafe for him to remain there. The car having been placed upon the track for

the consignee to unload, the plaintiff had a right to be there unloading it, and it was the duty of the defendant, in the exercise of due care, not to move it's other cars or engine so as to endanger his safety, without warning to him. It was not his duty to keep a watch for cars that might be shifted upon the track, but it was the duty of the defendant not to shift cars upon the track so as to endanger him without warning, and when the defendant backed it's train upon the car in which he was working, with such force that it threw him from his seat causing the injuries which he received, it was not in the exercise of due care, and there can be no question but that the defendant was liable for the injuries the plaintiff received. There is no question but that the plaintiff was injured, and that, at the time of the trial he was not a well men; but from a careful reading of the evidence it seems improbable that he was injured by the fall in the car to the amount awarded by the jury. It will serve no useful purpose to discuss the evidence bearing upon that question, but the damages, it seems to us, are clearly excessive, and that the most, under any circumstances, that the jury were authorized to award the plaintiff should not have exceeded $2,000. If the plaintiff, within thirty days after the certificate is filed with clerk of courts remits all of the verdict in excess of $2,000, motion overruled. Otherwise motion sustained. *Mathews & Stevens,* for plaintiff. *G. C. Yeaton, and Emery & Waterhouse,* for defendant.